## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
AUBREY NOVACK,                :
                              :
             Plaintiff,       :
v.                            :    Civil No. 3:14CV153(AWT)
                              :
YALE UNIVERSITY,             :
                              :
             Defendant.       :
                              :
------------------------------x
```

## <u>ORDER RE MOTION TO DISMISS COUNT THREE</u>

Defendant Yale University moves to dismiss Count Three of the complaint, plaintiff Aubrey Novak's claim for intentional infliction of emotional distress.  The defendant argues first, that the plaintiff fails to state a claim for intentional infliction of emotional distress because she does not allege facts that, if accepted as true, could support a finding that the defendant's conduct was extreme and outrageous, and second, that the complaint is void of any facts that, if accepted as true, could support a finding that the emotional distress was severe. The defendant's motion to dismiss Count Three is being granted because the court concludes that the plaintiff fails to allege facts that, if accepted as true, could support a finding that the defendant's conduct was extreme and outrageous.

Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003) (internal citations and quotation marks omitted). "In the employment context, it is the employer's conduct, not the motive behind the conduct, that must be extreme or outrageous."  Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000) (citations omitted).

"Whether conduct meets this standard requires determination by the court in the first instance. If reasonable people may differ as to whether the conduct is extreme or outrageous, the question is one for the jury." Kilduff v. Cosential, Inc., 289 F. Supp. 2d 12, 22 (D. Conn. 2003) (citations omitted); see also Appleton v. Bd. of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000) ("Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is

initially a question for the court to determine. Only where reasonable minds disagree does it become an issue for the jury.") (citations omitted). "[I]n assessing a claim for intentional infliction of emotional distress, the court performs a gatekeeping function. In this capacity, the role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme or outrageous. In exercising this responsibility, the court is not fact finding, but rather is making an assessment whether, as a matter of law, the alleged behavior fits the criteria required to establish a claim premised on intentional infliction of emotional distress." Tracy v. New Milford Pub. Sch., 101 Conn. App. 560, 569 (2007) (internal quotation marks omitted) (citations omitted).

A "routine employment action, even if made with improper motivations, does not constitute extreme or outrageous behavior." Miller v. Ethan Allen Global, Inc., 3:10-CV-1701 JCH, 2011 WL 3704806, at *12 (D. Conn. Aug. 23, 2011) (internal quotation marks omitted) (citation omitted). In addition, "insults, verbal taunts, threats, indignities, annoyances, petty oppressions, or conduct that displays bad manners or results in hurt feelings, do not support a claim for intentional infliction of emotional

3

distress." <u>Williams v. Deloitte Servs., LP</u>, CIV.A. 3:09-CV-17JCH, 2009 WL 3571365, at *3 (D. Conn. Oct. 26, 2009) (internal quotation marks omitted) (citation omitted); <u>see also</u> <u>Appleton</u>, 254 Conn. at 211 (The fact that a principal "made condescending comments to [her] in front of [her] fellow colleagues questioning [her] vision and ability to read" does not satisfy the requirements for extreme and outrageous conduct.) (internal quotation marks omitted); <u>Tracy</u>, 101 Conn. App. at 567-68 (The fact that a principal made allegations of a pattern of harassment, intimidation, defamation of the plaintiff-employees in the workplace and of discipline of the plaintiff-employees without a proper investigation does not reach the level of extreme and outrageous conduct.); <u>DeLeon v. Little</u>, 981 F. Supp. 728, 738 (D. Conn. 1997) ("[T]hreats to terminate Plaintiff's employment . . . and repeated degrading and humiliating criticism of Plaintiff in the presence of others" were not sufficient to constitute outrageous conduct.).

Thus the court finds insufficient to support a finding of extreme and outrageous conduct the plaintiff's allegations that supervisors claimed that she had poor work attendance; that the plaintiff was forced to use her personal time off because of the harassment, and her supervisor told her that this time would not be returned to

her; that the plaintiff's supervisor ordered her to his office in front of some colleagues in a way that was calculated to cause her undue embarrassment; that the plaintiff's supervisor falsely claimed that she was not properly filling out time sheets and threatened that she would be written up for insubordination and terminated; that plaintiff's supervisor refused to rearrange her office to prevent Driscoll's contact with her; that the plaintiff was subjected to false claims and accusations as well as threats to her employment; and that the defendant falsely alleged that the plaintiff had harassed security employees of the defendant.

"Connecticut courts have been unwilling to hold defendants liable for nonfeasance or failure to intercede, even where those defendants knew that misfeasance or harm was occurring or was likely to occur." Williams v. Cmty. Solutions, Inc., 932 F. Supp. 2d 323, 337 (D. Conn. 2013) (citations omitted) (also citing Kilduff, 289 F.Supp.2d at 22 (dismissing intentional infliction of emotional distress claims against CEO who failed to act in response to plaintiff's complaint detailing ongoing, serious sexual harassment by her supervisor because, whether "[c]haracterized as either a failure to respond or to prevent, or choosing to ignore, such conduct does not rise

to the level of extreme and outrageous behavior") (internal quotation marks omitted)); Miner, 126 F. Supp. 2d at 195 (Allegations that the defendant-employers "refused to take action to protect plaintiff and other women from sexual harassment; [] refused to take action to protect plaintiff from Mr. Deegan's aggressive, offensive and hostile conduct; and [] reprimanded plaintiff for asserting her rights to be free from sexual harassment, forcing plaintiff to resign her position a second time in retaliation for said exercise of her rights" (internal quotation marks omitted), fail to state a claim for intentional infliction of emotional distress because of the absence of factual allegations that the defendant's activities were conducted "in a humiliating, extreme, or outrageous manner".).

Thus the court finds insufficient to support a finding of extreme and outrageous conduct the plaintiff's allegations that despite the promises of the defendant, no search of Driscoll's computer was ever done; that Driscoll repeatedly violated the prohibitions the defendant had placed on him, without being sanctioned by the defendant; and the plaintiff's complaints were being ignored or dismissed and two of her supervisors claimed to be unaware of Driscoll's misconduct toward her or the restrictions that had been placed on him.

The plaintiff also alleges that when she went to the Yale Police Department the detectives there instructed her not to go to her Union or to the New Haven Police Department, claiming doing so would interfere with their investigation.  The plaintiff argues in her opposition that instructing an employee not to report crimes committed against her is de facto outrageous.  She argues in her memorandum that the detectives did so on the pretext that doing so would cause her harm, but that is not how the allegation in the complaint reads.  In any event, this allegation, taken in context fails to satisfy the standard of extreme and outrageous conduct.

For the reasons set forth above, Defendant's Motion to Dismiss Count Three (Doc. No. 12) is hereby GRANTED.

It is so ordered.

Dated this 10th day of March, 2015, at Hartford, Connecticut.

                                      /s/AWT
                                   Alvin W. Thompson
                           United States District Judge