## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| AUBREY NOVAK | : | Civil Action NO. |
| | : | 3:14-cv-00153(AWT) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | April 9, 2015 |

### ANSWER AND DEFENSES

The defendant, Yale University ("University"), hereby respectfully files the following Answer to the plaintiff's Complaint ("Complaint"), dated February 5, 2014.  Unless specifically admitted herein, the allegations in the Complaint are denied.

1.      To the extent that the allegations in Paragraph 1 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 1.

2.      To the extent that the allegations in Paragraph 2 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 and so denies the same and leaves the plaintiff to her proof.

3.    The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 and so denies the same and leaves the plaintiff to her proof, except to admit that the plaintiff is an adult citizen of the United States at all times relevant to the instant Complaint.

4.    Paragraph 4 is admitted.

5.    To the extent that the allegations in Paragraph 5 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 and so denies the same and leaves the plaintiff to her proof.

6.    To the extent that the allegations in Paragraph 6 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and so denies the same and leaves the plaintiff to her proof.

7.    To the extent that the allegations in Paragraph 7 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise is without knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 7 and so denies the same and leaves the plaintiff to her proof.

8.    Paragraph 8 is admitted.

9.    Admit that the plaintiff is employed as a Catalog Assistant IV, Digital Projects and Metadata Unit, Beinecke Rare Book and Manuscript Library.

10.   To the extent that the allegations in Paragraph 10 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 10.

11.   To the extent that the allegations in Paragraph 11 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 11, except to admit that on or about May 7, 2010, Lynn Ieronimo, Security Manager of the Beinecke Library, appropriately assisted the plaintiff in reporting her concerns both to the Library Human Resources and to the Yale Police Department. Diane Turner, then Associate Librarian for Human Resources, Organizational Development and Community Relations, referred the plaintiff to Valarie Stanley, the Director of the University's Office for Equal Opportunity Programs and the Deputy Title IX Coordinator for employees.

12.   To the extent that the allegations in Paragraph 12 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 12, except to admit that the plaintiff met with Ms. Ieronimo on or about May 7, 2010.  In that meeting, the plaintiff reported to Ms. Ieronimo that David Driscoll, a co-worker of the complainant, was emailing the complainant repeatedly, asking her out, and that he would not leave her alone.

13.    To the extent that the allegations in Paragraph 13 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 13 as framed, except to admit that Ms. Ieronimo reported to the plaintiff that she had previously seen Mr. Driscoll outside the library acting in a way that could be perceived as watching the plaintiff.

14.    To the extent that the allegations in Paragraph 14 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 14 as framed, except to admit that the plaintiff discussed her concerns with Rebekah Irwin and Chris Edwards, and that Ms. Ieronimo informed then Director of the Beinecke Library, Frank Turner, of Mr. Driscoll's alleged conduct.

15.    The defendant is without knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 15 and so denies the same and leaves the plaintiff to her proof, as the allegations set forth in Paragraph 15 are without reference to any span of time.

16-17.  The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraphs 16 and 17 and so denies the same and leaves the plaintiff to her proof, except to admit that the defendant determined after its investigation that Mr. Driscoll on or about May 27, 2010, repeatedly questioned the plaintiff about a pending investigation that was being conducted by the Office for Equal Opportunity Programs, despite being specifically notified by the Director of the Office that

4

the matter was confidential, and that the plaintiff reported that Mr. Driscoll confronted her about having raised a complaint with Ms. Stanley about him.

18.    The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and so denies the same and leaves the plaintiff to her proof, except to admit that the defendant determined after its investigation that Mr. Driscoll's conduct was disruptive and unacceptable behavior for the workplace during work time.

19.    To the extent that the allegations in Paragraph 19 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 19 as framed, except to admit that Mr. Driscoll was disciplined for having confronted the plaintiff about the investigation that was being conducted by the Office for Equal Opportunity Programs, even though Mr. Driscoll was specifically notified by the Director of that Office that the matter was confidential, and as a result of his behavior after suspecting that the plaintiff had contacted Ms. Stanley, in addition to being disciplined, the defendant placed limits on his interactions with the plaintiff.

20.    Paragraph 20 is denied as framed, except to admit that the plaintiff went to the Yale Police Department ("YPD"), which has full law enforcement powers, on May 28, 2010 to report Mr. Driscoll's conduct.  The YPD investigated the plaintiff's allegations and found no evidence of criminal behavior on the part of Mr. Driscoll.  The plaintiff was advised repeatedly that

5

she was to report any further contact from Mr. Driscoll that was not work-related to her supervisors.

21.    The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 as framed and so denies the same and leaves the plaintiff to her proof.  The allegations set forth in Paragraph 21 are without reference to any span of time

23-24.  To the extent that the allegations in Paragraphs 23 and 24 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraphs 23 and 24 as framed, except to admit that Ms. Ieronimo showed the YPD where she had seen Mr. Driscoll, and that the YPD could find nothing criminal in the email exchanges between the plaintiff and Mr. Driscoll to cause a search of Mr. Driscoll's computer.

25.    Paragraph 25 is admitted.

26.    The defendant denies the allegations in Paragraph 26 as framed, except to admit that the YPD could find nothing criminal in the email exchanges between the complainant and Mr. Driscoll and therefore had no cause to search Mr. Driscoll's computer.

27.    The defendant denies the allegations in Paragraph 27, except to admit that the plaintiff met with Ms. Turner on or about June 8, 2010.

28.    To the extent that the allegations in Paragraph 28 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 28.

6

29.    The defendant denies the allegations in Paragraph 29 as framed, except to admit that the defendant permitted Mr. Driscoll to return to work after it was determined that there was insufficient evidence that Mr. Driscoll posed a threat to the plaintiff, and Ms. Turner conveyed this to the plaintiff.

30.    The defendant denies the allegations in Paragraph 30, except to admit that the plaintiff disagreed with the decision.

31-32.  The defendant denies the allegations in Paragraphs 31 and 32 as framed.

33.    The defendant denies the allegations in Paragraph 33 as framed, except to admit that Mr. Driscoll was to limit his interactions with the plaintiff and the movement in her workplace to those necessary to complete his work.

34.    Paragraph 34 is denied.

35.    The defendant denies the allegations in Paragraph 35 as framed, except to admit that the plaintiff requested a meeting with Andrea Terrillion, who was then the Director of Labor-Management Relations to discuss the investigation into Mr. Driscoll's conduct.

36.    The defendant denies the allegations in Paragraph 36 as framed, except to admit that the plaintiff met with Ms. Terrillion on July 27, 2010 to discuss her concerns about the investigation into Mr. Driscoll's conduct.

37.    The defendant denies the allegations in Paragraph 37, except to admit that Ms. Terrillion told the plaintiff that she would speak to those involved in the investigation; that Ms. Terrillion explained that she had yet to speak to all involved, given summer vacations; and that Ms. Terrillion, after

7

speaking to the individuals, concluded that the investigation and actions taken were appropriate and left a message for the plaintiff with these conclusions.

38.     The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38, and so denies the same and leaves the plaintiff to her proof.

39.     The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 as framed and so denies the same and leaves the plaintiff to her proof.

40.     To the extent that the allegations in Paragraph 40 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 40, except to admit that the plaintiff raised a concern that she was contacted at Mr. Driscoll's request by a former supervisor, and the defendant reviewed the conduct reported and took appropriate action.

41.     The allegations in Paragraph 41 are denied as framed, except to admit that incoming supervisors were informed of certain restrictions, and to deny knowledge or information sufficient to form a belief about the truth of the plaintiff's allegations concerning her feelings and so denies the same and leaves the plaintiff to her proof.

42.     To the extent that the allegations in Paragraph 42 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 42 as framed, except

8

to admit that the plaintiff has had multiple meetings with the defendant's supervisors and HR representatives.

43.    The defendant denies the allegations in Paragraph 43 as framed, except to admit that on August 5, 2012, the plaintiff wrote an email to Donna Cable.  Ms. Cable responded on August 10, 2012; and that the plaintiff failed to attend the meeting scheduled on September 18, 2012, and that the plaintiff and Ms. Cable met on October 11, 2011.

44.    The defendant denies the allegations in Paragraph 44 as framed, except to admit that the plaintiff continued to come in late for work and miss work even though she had used all vacation and sick time, and that her supervisor discussed with the plaintiff her poor work attendance.

45.    To the extent that the allegations in Paragraph 45 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 45.

46.    The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and so denies the same and leaves the plaintiff to her proof, except to admit that the plaintiff told Chris Edwards that Mr. Driscoll stared at her when she entered the studio.

47.    To the extent that the allegations in Paragraph 47 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 47, except to admit

that the plaintiff in February, 2012 requested to meet with Dr. Stephanie Spangler to discuss her concerns about David Driscoll.

48.   The defendant denies the allegations in Paragraph 48, except to admit that the plaintiff met with Dr. Spangler and that Ms. Cable and the plaintiff had corresponded for months as Ms. Cable investigated the plaintiff's concerns and waited for information to be provided by the plaintiff.

49.   The defendant denies the allegations in Paragraph 49 as framed, except to admit that the plaintiff emailed Dr. Spangler on March 9, 2012 regarding her concerns.

50.   To the extent that the allegations in Paragraph 50 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 50, except to admit that an effort to negotiate a resolution to the plaintiff's concerns, which included returning of some of  her paid time off, failed, and Mr. Beacom was informed by Human Resources that the plaintiff would have to keep track of her time off just as all other employees.

51.   The defendant denies the allegations in Paragraph 51, except to admit that Mr. Beacom met with the plaintiff on April 30, 2012 and informed her that she would have to complete her time cards pursuant to University policy, accounting for time that she worked and time that she was not at work. He informed the plaintiff that if she failed to complete her time cards appropriately, she would be subject to appropriate discipline.

52.     To the extent that the allegations in Paragraph 52 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 52.

53.     The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 53 and so denies the same and leaves the plaintiff to her proof in that the University is unable to locate the referenced e-mail and lacks knowledge of the plaintiff's alleged feelings.

54.     The allegations in Paragraph 54 are denied, except to admit that the plaintiff met with Mr. Beacom on May 17, 2012 regarding Kristen Dixon's appointment as head of the unit, and to deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the plaintiff's intentions and so denies the same and leaves the plaintiff to her proof.

55.     Paragraph 55 is denied.

56.     The defendant denies the allegations in Paragraph 56 as framed, except to admit that the plaintiff asked for various re-arrangements in lieu of the restrictions put into place with regard to Mr. Driscoll, none of which were operationally effective.

57.     The defendant denies the allegations in Paragraph 57 as framed, except to admit that on or around June 11, 2012, Mr. Driscoll emailed the plaintiff in response to a work-related email sent by the complainant to him

11

which was copied to others; and that Mr. Driscoll inadvertently failed to hit "reply all."

58.    To the extent that the allegations in Paragraph 58 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 58, except to admit that on June 12, 2012, Mr. Beacom instructed the plaintiff to meet with him and Ms. Dixon.

59.    To the extent that the allegations in Paragraph 59 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegation in Paragraph 59, except to admit that the plaintiff met with Ms. Dixon and Ms. Cioffi on June 20, 2012 to discuss the plaintiff's concerns.

60.    To the extent that the allegations in Paragraph 60 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 60.

62.    To the extent that the allegations in Paragraph 62 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62 and so denies the same and leaves the plaintiff to her proof, except to refer to the contents of the documents cited in Paragraph 62, which speak for themselves, for a more complete and accurate statement of their contents.

63.    To the extent that the allegations in Paragraph 63 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 63.

64.    To the extent that the allegations in Paragraph 64 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 64.

65.    To the extent that the allegations in Paragraph 65 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 65.

66.    To the extent that the allegations in Paragraph 66 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 66.

67.    To the extent that the allegations in Paragraph 67 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 67.

68.    To the extent that the allegations in Paragraph 68 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 68.

69.    To the extent that the allegations in Paragraph 69 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 69 and so denies the same and leaves the plaintiff to her proof, except to admit that the

13

defendant is in receipt of the Release of Jurisdiction (CHRO No. 1330150) from the Connecticut Commission on Human Rights and Opportunities.

70.    To the extent that the allegations in Paragraph 70 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 70.

71.    To the extent that the allegations in Paragraph 71 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 71.

72.    To the extent that the allegations in Paragraph 72 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 72.

**COUNT TWO**

1-69.  The defendant hereby incorporates its responses to Paragraphs 1 through 69 of Count One as its responses to Paragraphs 1 through 69 of Count Two, the same as if set forth fully herein.

70.    To the extent that the allegations in Paragraph 70 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 70.

71.    To the extent that the allegations in Paragraph 71 set forth legal conclusions, the defendant states that no responsive pleading is required.  The defendant otherwise denies the allegations in Paragraph 71.

## COUNT THREE

Count Three has been dismissed pursuant to the Court's Ruling on Motion to Dismiss Count Three, dated March 10, 2014 (Doc. No. 18). Accordingly, no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Some or all of the claims alleged in the Complaint fail to state claims upon which relief may be granted.

### SECOND DEFENSE

The plaintiff has not been deprived of any right, privilege or immunity secured to her by the United States Constitution or any Act of Congress.

### THIRD DEFENSE

The plaintiff failed to mitigate her damages, if any, as to which liability is expressly denied.

### FOURTH DEFENSE

The defendant acted in good faith and for legitimate non-discriminatory business reasons at all relevant times.

### FIFTH DEFENSE

The defendant would have taken the same actions with respect to the plaintiff without regard to the plaintiff's gender or history of engaging in purported protected activities.

**SIXTH DEFENSE**

Some or all of the plaintiff's claims are barred in whole or in part by the doctrine of laches.

**SEVENTH DEFENSE**

To the extent that the plaintiff's allegations concern incidents and/or claims not timely brought before the Equal Employment Opportunities Commission and/or the Connecticut Commission on Human Rights and Opportunities, the plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**EIGHTH DEFENSE**

At all times materially relevant hereto, the defendant exercised reasonable care to prevent and correct promptly any alleged harassing or retaliatory behavior, and the plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the defendant or to avoid harm otherwise.

**NINTH DEFENSE**

Damages, if any, were the result of the sole negligence or other behavior of the plaintiff.

**TENTH DEFENSE**

The defendant denies that the plaintiff is entitled to any compensatory damages, costs, fees or equitable relief, and expressly denies any bases for the award of punitive damages.

**ELEVENTH DEFENSE**

At all times materially relevant hereto, the alleged harassing conduct was not committed by any persons empowered by the employer to take tangible employment actions against the plaintiff, and the plaintiff has not incurred an adverse tangible employment action as a result of this alleged conduct.

**TWELFTH DEFENSE**

The defendant is not vicariously liable as the alleged harasser and/or harassers are not indisputably within the class of the defendant's organization whom may be treated as the organization's proxy.

**PRAYER**

Accordingly, the defendant respectfully requests that the plaintiff take nothing by this suit, and that the defendant be, in all things, discharged and goes hence without delay, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

**DEMAND FOR TRIAL BY JURY**

The defendant demands trial by jury.

THE DEFENDANT

BY: _____
Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511
Tel:  203/787-1183
Fax:  203/787-2847
office@clenlaw.com

17

CERTIFICATION:

This is to certify that a copy of the foregoing was filed electronically on the 9TH day of April 2015.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC