```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
AUBREY NOVAK                  :    Civ. No. 3:14CV00153(AWT)
                              :
v.                            :
                              :
YALE UNIVERSITY               :    September 21, 2015
                              :
------------------------------x
```

**MEMORANDUM OF CONFERENCE AND SCHEDULING ORDER**

Upon referral from Judge Alvin W. Thompson, on September 21, 2015, this Court held an in-person status conference on the record to address the entry of a scheduling order and plaintiff Aubrey Novak's ("plaintiff") concerns with her attorney, William S. Palmieri's, representation to date. In compliance with Judge Thompson's referral order, see Doc. #36, plaintiff, Mr. Palmieri, and counsel for defendant Yale University ("defendant"), Kevin C. Shea, participated in the conference.

**1. Plaintiff's Concerns with Counsel**

The Court addressed plaintiff's concerns with Mr. Palmieri's representation outside the presence of defense counsel. After discussions with plaintiff and Mr. Palmieri, in which the Court advised plaintiff that she may retain Mr. Palmieri as her attorney, retain new counsel, or proceed pro se, plaintiff decided to keep Mr. Palmieri as her counsel going forward. Just prior to the Court adjourning the conference,

1

plaintiff stated that she had additional concerns with Mr. Palmieri's representation. The Court ordered that plaintiff and her attorney confer following the adjournment of the conference. If, following this meeting, plaintiff has decided to terminate Mr. Palmieri's representation, then she shall advise him of this in writing, and Mr. Palmieri shall file a motion to withdraw forthwith. If Mr. Palmieri moves to withdraw from this matter, then plaintiff shall have thirty (30) days from the date of withdrawal to retain new counsel. If plaintiff fails to retain new counsel within that time frame, she will file a pro se appearance in accordance with District of Connecticut Local Civil Rule 83.1(c)(2).

As set forth on the record, the Court will designate only a discrete portion of the Court's ex parte discussions with plaintiff and Mr. Palmieri under seal. Should either party wish to obtain a copy of the transcript from the September 21, 2015, status conference, he or she will alert the Court of such intentions before placing an order.

**2. Discovery and Other Pending Issues**

The Court also addressed outstanding discovery issues, including defendant's motion for sanctions. [Doc. #42]. Counsel for the defendant represented that plaintiff had failed to respond to its May 2015 written discovery requests, which responses were due by September 17, 2015, as ordered by Judge

2

Thompson. See Doc. #35. The plaintiff and her counsel conceded that was true. **Plaintiff will serve her responses and any objections to defendant's written discovery requests, including responsive documents and a privilege log if applicable, by October 30, 2015. Defendant will re-issue the notice of plaintiff's deposition by December 1, 2015, and plaintiff's deposition shall be <u>completed</u> by December 30, 2015.** Plaintiff's counsel reported that she had not propounded discovery by Judge Thompson's September 17, 2015 deadline, but that she intended to do so. **Plaintiff shall propound any written discovery by September 30, 2015. Defendant will serve its objections and responses to plaintiff's written discovery requests, including responsive documents and a privilege log if applicable, by October 30, 2015.**

Counsel for plaintiff and defendant indicated that neither party intends to utilize expert witnesses in this matter, nor take any fact depositions, other than that of the plaintiff.

Defense counsel also indicated that plaintiff had failed to provide Judge Thompson with a report identifying the claims brought in this action. See Doc. #34. **Plaintiff will file on ECF a report in compliance with Judge Thompson's August 17, 2015, Order by the close of business on September 30, 2015.**

The Court takes defendant's motion for sanctions [Doc. #42] under advisement. However, the Court did repeatedly warn

3

plaintiff and her attorney that failure to respond to defendant's discovery requests within the time ordered, may result in the dismissal of plaintiff's complaint. See Fed. R. Civ. P. 37(b)(2)(A)(v).

**3. Scheduling Order**

In light of the discussions during the September 21, 2015, status conference, the Court hereby sets the following pretrial deadlines:

- **September 30, 2015,** for plaintiff to file a report in compliance with Judge Thompson's August 17, 2015 Order [Doc. #34];
- **September 30, 2015,** for plaintiff to propound any written discovery;
- **October 30, 2015,** for plaintiff to respond to defendant's May 2015 written discovery requests;
- **October 30, 2015,** for defendant to respond to plaintiff's written discovery requests;
- **October 30, 2015,** for plaintiff to provide defendant with a written damages analysis;
- **December 1, 2015,** for defendant to re-issue the notice of plaintiff's deposition;
- **December 30, 2015,** for the completion of plaintiff's deposition; and

- **March 1, 2016,** for the filing of dispositive motions.

The parties are advised that agreements regarding particular deadlines will not constitute extensions of those deadlines, and that the Court will not be bound by any informal agreements of the parties. The Court expects counsel and the plaintiff to continue to pursue this matter in a timely fashion. **The Court DOES NOT intend to grant any further extensions of these deadlines, and in that regard, is hard pressed to envision a compelling reason which would warrant any such extension.**

The parties are encouraged to contact chambers to schedule a settlement conference, should it become productive to do so.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 21st day of September 2015.

                                         /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES MAGISTRATE JUDGE