# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AUBREY NOVAK | : | Civil Action NO. |
| | : | 3:14-cv-00153(AWT) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | OCTOBER 30, 2015 |

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
## PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure, Rules 33 and 34, the defendant, Yale University ("University"), hereby respectfully requests that the plaintiff, Aubrey Novak,  answer the following interrogatories separately and in writing, under oath, and produce at the office of Clendenen & Shea, LLC, 400 Orange Street, New Haven Connecticut, 06511, the following documents within thirty (30) days after the date of service of this Request:

## INSTRUCTIONS

1.      These requests shall be deemed continuing so as to require supplemental responses if the plaintiff acquires any additional information or documents between the time a response is served and the time of trial.

2.      In responding to these requests, the plaintiff shall furnish all information and documents available to her at the time of his response, including information and/or documents in the possession, custody or control of each of the plaintiff's agents,

employees or representatives.  These requests also seek non-privileged information and documents in the possession, custody or control of the plaintiff's attorneys.

3.      All terms defined below are used throughout these requests in the precise manner in which they have been defined and are to be consistently so interpreted. Some terms are specially defined so as to have a broader meaning herein than they may have in general usage, and accordingly; responses will be inadequate that do not take into account the special sense in which terms such as "document," "identify," "relating to," and other defined terms are defined and used.

4.      If you claim that the attorney-client privilege or any other privilege or protection applies to any documents sought please produce a log containing the following information:

(i)      The type of document or electronically stored information;

(ii)     The general subject matter of the document or electronically stored information;

(iii)    The date of the document or electronically stored information;

(iv)    The author of the document or electronically stored information; and

(v)     Each recipient of the document or electronically stored information.

## DEFINITIONS

1.      **Document**.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure

2

34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

　　　　2.　　**Communication**.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

　　　　3.　　**Identify a Document**.  To "identify" or state the "identity of" a document means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; (iv) its current location; and (v) its author(s), addressee(s) and recipient(s).

　　　　4.　　**Identify a Natural Person**.  To "identify" or state the "identity" of a natural person means to state his or her full name, present or last known home address and telephone number, and present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

　　　　5.　　**Person**.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

　　　　6.　　**You/Yours**.  The terms "you" and "your" mean the plaintiff, Aubrey Novak, and any of her agents, representatives, and all persons acting or purporting to act on her behalf.

　　　　7.　　**University/Defendant**.  The terms "University" and "Defendant" mean Yale University and its commissioners, employees, agents, representatives and all persons acting or purporting to act on its behalf.

8.      **Concerning**.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9.      **All/Each**.  The terms "all" and "each" shall both be construed as all and each.

10.     **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     The use of the singular form of any word includes the plural and vice versa.

12.     **Any**.  The term "any" shall mean "any and all."

13.     The term "with respect to," "relating to" or "which relates to" a given subject shall mean any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject, including, but not limited to, documents concerning the presentation of other documents.

14.     **Complaint**.  The term "Complaint" means the Complaint filed on February 5, 2014, in the above-captioned action.

15.     The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request for production all responses that might otherwise be considered outside its scope.

## INTERROGATORIES

1.      State the following:

4

(a)     Your full name and any other name(s) by which you have been
        known;

(b)     Your date of birth;

(c)     Your home address;

(d)     Your business address; and

(e)     Your social security number.

**RESPONSE**:

(a) Kristen Aubrey Novak, aka Aubrey Novak

(b) November 24, 1976

(c) 400 Mansfield Street, #1, New Haven, CT 06511

(d) 344 Winchester Avenue, New Haven, CT 06511

(e) I respectfully decline to submit my SSN for personal privacy and security reasons.

2.      Identify all individuals with information concerning or relating to your

claims in the Complaint.

**RESPONSE**:

(a) David Driscoll
257 Lenox Street, New Haven, CT 06513-4017
203-468-6278
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(b) Chris Edwards**
31 Linden Street, #2, New Haven, CT, 06511
203-641-7575
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(c) Rebekah Irwin**
51 N Pleasant Street, Middlebury, VT 05753
203-513-9733
Middlebury College, Middlebury, VT

5

**(d) Denise Cusanelli**
482 Oak Ave Apt 57, Cheshire, CT 06410-3013
203-376-6046
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(e) Clifford Johnson**
214 Mansfield Street, #2, New Haven, CT 06511-3539 203-589-7772
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(f) Maryjane Millington**
448 Fountain St New Haven, CT 06515-1801
203-436-8881
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(g) Matthew Beacom**
27 Hartley St, North Haven, CT 06473
203-287-0338
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(h) Sarah Schmidt (nee Fisher)**
344 Winchester Ave, New Haven, CT 06520
203-432-2975
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(i) Jennifer Meehan**
410-739-4425
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(j) Lisa Conathan**
203-812-0915
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(k) Diane Turner**
55 Chatterton Woods, Hamden, CT 06518
203-248-4901
Yale University, New Haven, CT
**(l) Bernadette Cioffi**
104 Elizabeth Ann Dr, East Haven, CT 06512
203-467-6415
Yale University, New Haven, CT
**(m) E.C. Schroeder**
25 Maplewood Dr, Clinton, CT 06413
860-669-0010
Beinecke Rare Book and Manuscript Library, Yale University, New Haven, CT
**(n) Brian Kupiec**

(o) Raymond Frohlich

(p) Lynn Ieronimo

(q) Renee Mills

(r) Renee Cawley

(s) Lesley Porter Ferguson

(t) Herbert Johnson

(u) Shelley Geriak

(v) Frank Beretta

(w) Jennifer Castellon

(x) Stacy Smith

(y) Merieta Bayati

(z) Regina Bejnerowicz (nee Romero)

(aa) Adam Shahrani

(bb) Ralph Mannarino

(cc) Kristy Darby (nee Dixon)

(dd) Susan Gibbons

(ee) John Butler

(ff) Alice Prochaska

(gg) Ellen Doon

(hh) Steve Jones

(ii) Moira Fitzgerald

(jj) Kathryn James

(kk) Carol Esposito

(ll) Julie Dowe

(mm) Jerzy Graboski

(nn) Dolores Colon

(oo) Mike Rush

(pp) Gabriela Redwine

(qq) Tasha Dobbin-Bennett

(rr) Brendan Haug

(ss) Audrey Novak

(tt) Anne Marie Menta

(uu) Ingrid Lennon-Pressey

(vv) Caroline Hendel

(ww) David Post

(xx) Peter Salovey

(yy) Richard Levin

(zz) Jamaal Thomas

(aaa) Christine Pedevillano

(bbb) Ruth DeAngelo

(ccc) Helen Melanidis

(ddd) Sheri Wilber

(eee) Sheila Sautter

(fff) Jacqueline Sessler

(ggg) Darlene Evans

(hhh) Valarie Stanley

(iii) Michael Peel

(jjj) Kim Zarra

(kkk) Stephanie Spangler

(lll) Bridgett LaFountain

(mmm) Jason Killheffer

(nnn) Andrea Terrillion

(ooo) Marcella Jenkins

(ppp) Donna Cable

(qqq) Amelia Prostano

(rrr) Maureen Jones

(sss) Adam Marchand

(ttt) Elizabeth Breton

(uuu) Laurie Kennington

(vvv) Kevin Pacelli

(www) Mary Reynolds

(xxx) Emily Ferrigno

(yyy) Oliver Schowalter-Hay

(zzz) Mark Firla

(aaaa) Ken Suzuki

(bbbb) Sue Dercole

(cccc) Peter Brano

(dddd) Marnie Hoffmann

(eeee) Ronnell Higgins

(ffff) Michael Scott

(gggg) Ana Amelia Contrastano

(hhhh) Elisa Nascimento

(iiii) Ivette Silva

(jjjj) Araceli (Celi) Cruz

(kkkk) Ellen Jaramillo

(llll) Cesar Rodriguez

(mmmm) Patricia Thurston

(nnnn) Joan Swanekamp

(oooo) Rick Sarcia

(pppp) Tony Oddo

(qqqq) Tatiana Barr

(rrrr) Susan Landino (nee Burhans)

3.     In Paragraphs 10 and 63 of your Complaint, you alleged that you have been, and continue to be subjected to a hostile work environment at the University. With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)     Identify all individuals currently or formerly employed by the University who were involved in the events that you claim support your allegation that you have been, and continue to be subjected to a purported hostile work environment at the University;

(b)     Identify all individuals who witnessed and/or have knowledge of the purported hostile work environment at the University;

(c)     The substance of any and all communication(s) involving and/or relating to the purported hostile work environment at the University; and

(d)     Any and all facts that support your claim that you were subjected to a hostile work environment at the University.

**RESPONSE:**

10

(a) See list of individuals as noted above in response to Question 2.

(b) See list of individuals as noted above in response to Question 2.

(c) All of my correspondence is produced herewith, in my responses to the requests for production.

(d) With specific regard to Matthew Beacom's treatment toward me once he became employed as Head of Technical Services at Beinecke Rare Book and Manuscript Library, I was treated differently by him at first as opposed to my parallel male colleague Clifford Johnson, regarding numerous events for which I would be reprimanded but not Mr. Johnson when engaging in the same or other improper behavior, and then was also treated significantly differently when a second female parallel colleague, Maryjane Millington, was made to join our team. Although this female colleague was removed from her first position at Beinecke due to engaging in improper sexual activities with her former supervisor's former husband (all working at Beinecke then and currently), David Driscoll was never given another job elsewhere at the University despite available options and despite the fact that he engaged in numerous inappropriate behaviors towards me, including stalking, threatening physical and emotional behavior, intimidation, and lying about incidents that occurred.

From the beginning of Mr. Beacom's employment at Beinecke he led a targeted approach using multiple tactics and events to create misleading information about me by misrepresenting and otherwise lying about incidents that occurred. Mr. Beacom, often in complicity with other individuals such as Lynn Ieronimo, willfully and purposely used situations to defame my character and reputation with the eventual goal of having

11

me terminated or creating such a hostile environment that I would be forced into leaving my job.

4.      In Paragraphs 10 and 63 of your Complaint, you alleged that the University has retaliated against you for your complaints to the University.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

    (a)    A description of each retaliatory action purportedly taken against you;

    (b)     The date on which the purported retaliation occurred;

    (c)    The substance of any and all communication(s) involving and/or relating to the alleged retaliation;

    (d)    Identify all individuals currently or formerly employed by the University who were involved in the events that you claim support your allegations of retaliation; and

    (e)    Identify all individuals who witnessed and/or have knowledge of the University's purported retaliatory motivations and/or the events that you claim support your allegations of retaliation.

**RESPONSE**:

(a) My concerns regarding improper treatment by management were routinely either ignored and /or improperly investigated by Yale University Administrative staff charged with the proper handling of such complaints.

(b) I am uncertain as to the specific dates, but I believe that the retaliatory actions would have taken place at or around the time that I complained about them.  My written correspondence with the defendant is attached in response to defendant's production requests.

(c) I do not have a present recollection of each retaliatory incident, yet I believe that each is set forth in my correspondence, as detailed in response (b), above.

(d)

     Denise Cusanelli

     Patricia Thurston

     Michael Scott

     Emily Ferrigno

     Maureen Jones

     Elizabeth Breton

(e) See list in answer 4 (d) as above.


5.     In Paragraphs 10 and 63 of your Complaint, you alleged that you have been sexually harassed.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)     A description of each action of sexual harassment purportedly taken against you;

(b)     The date on which each action of sexual harassment occurred;

(c)     The substance of any and all communication(s) involving and/or relating to the purported sexual harassment;

(d)     Identify all individuals who witnessed and/or have knowledge of the alleged sexual harassment;

(e)     Identify all individuals currently or formerly employed by the University who were involved in the events that you claim support your allegations of sexual harassment;

(f)     Identify all evidence of sexual harassment that you purportedly provided to the defendant as alleged in Paragraphs 12 and 30; and

(g)     Any and all facts that support your claim that you were sexually harassed.

**RESPONSE**:

(a) Between 2008-2010 Mr. Driscoll harassed me via email and either 3 or 4 phone messages left on my work voice mail. In May of 2010 I was told by Ms. Ieronimo that she witnessed, from beginning to end, an incident that occurred once or twice when Mr. Driscoll crouched behind an exterior wall and bushes near or on the Beinecke plaza and after I passed by him unaware of his presence, he followed me at a distance so as to purposely avoid my noticing him. He then peered in through the windows of the Handivan I was seated on in a fashion that was also designed to avoid my noticing him.

(b) I am uncertain as to the specific dates, but I believe that the conduct would have taken place at or around the time that I complained about them.  My written correspondence with the defendant is attached in response to defendant's production requests.

(c) All of my correspondence is produced herewith, in my responses to the requests for production.

(d) Lynn Ieronimo

 Denise Cusanelli

 Rebekah Irwin

 Chris Edwards

 Diane Turner

 Bernadette Cioffi

 Valarie Stanley

 Amelia Prostano

14

(e) Lynn Ieronimo

　　Denise Cusanelli

　　Rebekah Irwin

　　Chris Edwards

　　Diane Turner

　　Valarie Stanley

(f)  Complete emails between myself and Mr. Driscoll, Ms. Ieronimo's interview by

Ms. Dercole and Mr. Brano was as much an interview of her as it was of me because I

did not witness him stalking me. Ms. Ieronimo stated to me that she "watched him the

entire time". The only thing I do recall seeing related to her statements is one time Mr.

Driscoll cupping his hands to look into the Handivan behind the row in which I was

seated. When I turned to look after noticing something in my peripheral vision, Mr.

Driscoll suddenly stepped away from the window and began acting as if it was a joke or

a game that he was playing.

(g) In addition to his frequent inappropriate emails to me, Mr. Driscoll frequently

contacted me and engaged in sexually harassing behavior even after I tried to make it

clear I did not appreciate his advances. I have stated to him that I didn't think his wife

would appreciate the way he was talking to me. His response was "Someday maybe I'll

tell you more about that." I later understood this to mean that he would have explained,

as Ms. Ieronimo later informed me and claimed he stated to numerous other women

with whom he engaged in similar sexually harassing conduct, that he did not get along

with his wife because their children were not his, meaning that he believed his wife had

both of their children by a different man but claimed they were Mr. Driscoll's. Mr. Driscoll

15

never stated this to me himself. Ms. Ieronimo informed me that she found out he had been telling other women on campus this story so as to "gain their sympathies" and that he probably intended to tell me that as well.

6.    In Paragraphs 10 and 63 of your Complaint you alleged that you have been subjected to discrimination.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)    A description of each action of discrimination purportedly taken against you;

(b)    The date on which each purported discriminatory action occurred;

(c)    The substance of any and all communication(s) involving and/or relating to any purported discriminatory actions;

(d)    Identify all individuals currently and/or formerly employed by the University who were involved in the events that you claim support your allegations of discrimination; and

(e)    Identify all individuals who witnessed and/or have knowledge of the University's purported discriminatory motivations and/or the events that you claim support your allegations of discrimination.

**RESPONSE:**

(a) Disparate treatment between myself and Mr. Johnson and Ms. Millington

(b) I am uncertain as to the specific dates, but I believe that the conduct would have taken place at or around the time that I complained about them.  My written correspondence with the defendant is attached in response to defendant's production requests.

(c) All of my correspondence is produced herewith, in my responses to the requests for production.

16

   (d) Denise Cusanelli
       Lesley Porter Ferguson
       Maureen Jones
       Ruth DeAngelo
       Patricia Thurston
       Michael Scott
       Emily Ferrigno
       Chris Pedevillano
   (e) Denise Cusanelli
       Lesley Porter Ferguson
       Maureen Jones
       Ruth DeAngelo
       Patricia Thurston
       Michael Scott
       Emily Ferrigno
       Chris Pedevillano
       Susan Landino

7.     Has any disciplinary action ever been taken against you while you were employed by the University?  If yes, please state as to each instance of disciplinary action taken against you:

     (a)    The date of the occurrence which gave rise to the disciplinary action;

     (b)    The events which gave rise to the disciplinary action;

     (c)    The disciplinary action taken against you;

     (d)    The date of disciplinary action;

     (e)    Identify each person involved in the occurrence which gave rise to the disciplinary action;

     (f)    The role played by each person involved in the occurrence which gave rise to the disciplinary action; and

     (g)    The disciplinary action taken against each other person involved in the occurrence which gave rise to the disciplinary action.

**RESPONSE:**

(a) Multiple attempts by Mr. Beacom almost from his start at Beinecke to the present to hold me responsible for disciplinary actions, some that failed, two that did not.   I am unsure of the exact dates, but the three actual warnings are in my personnel file.

(b) Never before was I cited for raising work-related concerns during work time. This was a deliberate attempt to build a case against me, however falsified, for termination through inappropriate means. Prior to, during this time and to the present day I have consistently pointed out that Ms. Millington frequently shops online and/or browses the internet throughout the course of her workday while ignoring actual work that needs to be done and doing so with impunity. Ms. Jones once remarked to me about this complaint that "You are more honest than most people, Aubrey." Would this have been me, I would have been cited each and every time the complaint was made, thereby leading to my termination. It does not seem to matter to anyone that Ms. Millington engages in this behavior on a daily basis while ignoring the work of the Unit, often then making it necessary for me to complete work she could perform because Mr. Johnson has become the purported database expert and often no longer physically catalogs work but simply rearranges files through the computer.

(c) First on falsified information ("throwing books and boxes" to "slamming" them to now just slamming my desk drawers), second due to multiple emails in an attempt to have the first falsified warning addressed, as promised by Elizabeth Breton.

(d)   I am uncertain as to the specific dates, but they are reflected in the three 3 actual warnings in my personnel file

(e) Mr. Beacom
    Mr. Johnson
    Ms. Millington
    Ms. Cioffi

Ms. Prostano
Ms. Breton
(f) Mr. Beacom -supervisor
     Mr. Johnson -complainant
     Ms. Millington -complainant
     Ms. Cioffi –Library Human Resources
     Ms. Prostano  –Local 34 Union
     Ms. Breton –Local 34 Union
(g) None to my knowledge.

8.     In Paragraph 13 of your Complaint you alleged that Ms. Ieronimo told you that she had personally witnessed a stalking incident, in which she saw Mr. Driscoll crouching behind a wall and bushes while watching you and Mr. Driscoll follow you at a distance, and then peeped in through the windows of the Handivan that you were seated in.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)     The date of which Ms. Ieronimo had allegedly told you that she had personally witnessed Mr. Driscoll crouching behind a wall and bushes;

(b)     The date of which Ms. Ieronimo had allegedly told you that she had personally witnessed Mr. Driscoll follow you at a distance, and then peep in through the windows of the Handivan that you were seated in;

(c)     The substance of any and all communications between you and Ms. Ieronimo that concern Mr. Driscoll;

(d)     The events which gave rise to the communications between you and Ms. Ieronimo that are alleged in Paragraph 13;

(d)     Any and all facts that support your allegations contained in Paragraph 13;

(e)     Identify all individuals who witnessed and/or have knowledge of your communications with Ms. Ieronimo that are alleged in Paragraph 13.

      (f)    The date of which you informed your supervisor, Rebekah Irwin and Chris Edwards of this conduct, and the substance of each communication you had with Ms. Irwin and Mr. Edwards as alleged in Paragraph 14.

**RESPONSE:**

(a) To the best of my present recollection, on or about May 10, 2010

(b) same

(c) Ms. Ieronimo wanted me to send to her Mr. Driscoll's most offensive emails in the beginning of her investigation. She then almost immediately told me that she needed to discuss this issue with Frank Turner, former Director, deceased.

(d) Ms. Ieronimo approached me in the Staff Lounge asking me to see her in her office. When I did she asked if anyone was bothering me. I stated that if she was asking me that she obviously had information and reason to ask such a question, and that I didn't mind telling her at that point that Mr. Driscoll, despite my many efforts, had been harassing me via email and over the phone since a few months after I started at Beinecke in 2008. She then described to me the stalking incident she witnessed.

(e) All of my correspondence is produced herewith, in my responses to the requests for production.

(f) Rebekah Irwin

    Chris Edwards

    Brian Kupiec

    Denise Cusanelli

    Jennifer Castellon(?)

(g) to the best of my recollection, on or about May 10, 2010. I informed them of the above-described conversation Ms. Ieronimo held with me in her office and that she had

determined that enough evidence existed for her to contact then Director Frank Turner

as well as Title IX Coordinator Valarie Stanley. See Exhibit E.


9.      In Paragraphs 24 and 25 of your Complaint, you alleged that (1) you were

told that Mr. Driscoll's computer would be searched; (2) you inquired about the results of

the search of Mr. Driscoll's computer; and (3) you were informed that the computer

search had not, and would not be done without receiving an answer from the defendant

as to why the search was not conducted.  Please state all facts on which you base the

foregoing, including but not limited to the following:

   (a)   Identify all individuals who told you that Mr. Driscoll's computer
         would be searched;

   (b)   The date of which you were told that Mr. Driscoll's computer would
         be searched;

   (c)   Identify all individuals who you inquired about the result of the
         search of Mr. Driscoll's computer;

   (d)   The date of which you inquired about the result of the search of Mr.
         Driscoll's computer;

   (e)   Identify all individuals who informed you that the computer search
         had not, and would not be done;

   (f)   The date(s) of which you were informed that the computer search
         had not, and would not be done; and

   (g)   The substance of any and all communications that you had
         concerning the search of Mr. Driscoll's computer.

**RESPONSE:**

   (a) Sue Dercole and Peter Brano
   (b) May 28, 2010 during the tape-recorded interview held with the above
       Detectives Dercole and Brano, and Ms. Ieronimo.
   (c) To the best of my recollection, Ms. Ieronimo
       Detective Dercole

21

Detective Brano
Andrea Terrillion
Donna Cable
Amelia Prostano
(d) I do not have a specific recollection of this date.
(e)  To the best of my present recollection, Ms. Ieronimo
Detective Dercole
Detective Brano
Diane Turner
Bernadette Cioffi
(f) I am unsure of this exact date.
(g) My communications are attached hereto.

10.    In Paragraph 34 of your Complaint, you alleged that Mr. Driscoll repeatedly violated the prohibitions without sanctions from the defendant.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

> (a)    A description of each prohibition that you believe Mr. Driscoll was subjected to, including the date that each prohibition went into effect;
>
> (b)    The substance of any and all communication(s) involving and/or relating to Mr. Driscoll's purported violation of the prohibitions;
>
> (c)    Any and all facts concerning Mr. Driscoll's purported violations of the prohibitions;
>
> (d)    The substance of any and all communication(s) involving and/or relating to the University's response, or lack thereof, to Mr. Driscoll's purported violations of the prohibitions;
>
> (e)    Any and all facts concerning the University's response, or lack thereof, to Mr. Driscoll's purported violations of the prohibitions; and
>
> (d)    Identify all individuals who witnessed and/or have knowledge of Mr. Driscoll's purported violations of the prohibitions and/or the University's response to the same.

**RESPONSE:**

a)  To the best of my recollection, Mr. Driscoll was to have no direct contact with me, and only to communicate with me about work related issues.  These,

22

and other conditions that I cannot recall at the present, were never enforced by the defendant.

(b) To the best of my recollection, the substance of these communications is set forth in the attached emails on this subject.

(c) To the best of my recollection, the substance of these communications is set forth in the attached emails on this subject

(d) To the best of my recollection, the substance of these communications is set forth in the attached emails on this subject

(e) All of my correspondence is produced herewith, in my responses to the requests for production.

(f) Rebekah Irwin
Chris Edwards
Brian Kupiec
E.C. Schroeder
Matthew Beacom
Kristy Darby (nee Dixon)
Jennifer Meehan
Sarah Schmidt (nee Fisher)
Diane Turner
Bernadette Cioffi
Stephanie Spangler
Donna Cable

11.     In Paragraph 40 of your Complaint, you alleged that in July, 2011, Mr. Driscoll engaged in harassing conduct towards you.  With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)     A description of each action of harassment purportedly taken against you;

(b)     The date on which each action of harassment occurred;

(c)     The substance of any and all communication(s) involving and/or relating to the purported harassment;

(d)     Identify all individuals who witnessed and/or have knowledge of the alleged harassment;

(e)     Identify all individuals currently or formerly employed by the University who took part in the events that you claim support your allegations of harassment; and

(f)     Any and all facts that support your claim that Mr. Driscoll engaged in harassing conduct towards you.

**RESPONSE:**

a)  To the best of my recollection, Mr. Driscoll was to have no direct contact with me, and only to communicate with me about work related issues.  On this occasion and others, he violated those restrictions.

(b) To the best of my recollection, during July, 2011.

(c) The substance of these communications is set forth in the attached emails on this subject, as well as in the written correspondence which I have attached.

(d) To the best of my recollection, Driscoll, myself, the University, including

(e) All of my correspondence is produced herewith, in my responses to the requests for production.

(f) To the best of my recollection,
   David Dricoll
   Jennifer Meehan
   Sarah Schmidt (nee Fisher)
   Diane Turner
   Bernadette Cioffi
   Christopher Edwards
   Stephanie Spangler
   Donna Cable


12.     In Paragraph 58 of your Complaint, you alleged that on June 12, 2012, you were subjected to false claims and accusations, and threats to your employment. With respect to this allegation, please state all facts on which you base this allegation, including but not limited to the following:

(a)     Identify all claims, accusations, and threats to your employment that were made on June 12, 2012 and by whom they were allegedly made;

(b)     The substance of any and all communication(s) involving and/or concerning the alleged false claims, accusations and threats to your employment;

24

    (c)    The events which gave rise to the meeting between you, Ms. Dixon and Mr. Beacom on June 12, 2012;

    (c)    Any and all facts that support your claim that on June 12, 2012, you were subjected to false claims and accusations, and threats to your employment; and

    (d)    Identify all individuals who witnessed and/or have knowledge that you were subjected to false claims, accusations, and threats to your employment on June 12, 2012.

**RESPONSE:**

    (a)    To the best of my recollection, my work performance and attendance were attacked without justification. I recall that I was threatened with discipline.  I believe that this was in retaliation for my complaints about the continued harassment and about the defendant's continued failure to effectively address and prevent such harasssment.

    (b)    The communications involving and/or concerning the false claims, accusations and threats to your employment were made verbally to me, as I recall.  To the best of my recollection, I was threatened with punishment related to my work and my alleged attendance issues.

    (c)    The events which gave rise to the meeting between me, Ms. Dixon and Mr. Beacom on June 12, 2012 were my complaints that the harassment by Driscoll was continuing, and that the defendant had failed to stop it, and was continuing to fail to prevent the ongoing harassment.

    (c)    On June 12, 2012, I was subjected to false claims and accusations, and threats to my employment.  The facts in support of this are that there was no truth to the accusations.  In conjunction with this is the timing of my complaint and the manner in which the defendant failed to effectively address, and to that date continued to fail to effectively address the harassment.  Together, these facts demonstrate that the defendant would rather attack me, the victim, than take on the male aggressor.

    (d)  To the best of my recollection,
       Matthew Beacom
       Kristy Darby (nee Dixon)
       David Dricoll
       Jennifer Meehan

Sarah Schmidt (nee Fisher)
Diane Turner
Bernadette Cioffi
Christopher Edwards
Stephanie Spangler
Donna Cable

13.     Identify all economic damages you claim to have suffered as a result of the claims alleged in the Complaint, including the amount or value of the alleged damage, the manner in which you calculated such damage and the identity of each person who has knowledge of the nature or amount of the claimed damage.

**RESPONSE:**

As a result of the conduct of the defendant, in short, my life has been a living hell. I have been under constant scrutiny by the defendant, have been accused of wrongdoing and absenteeism, all because I was the victim of sexual harassment at the defendant, and I have asked for the defendant to address this, and to make my workplace safe and free of fear, terror and further harassment.  Rather than helping me, the defendant has targeted me for scrutiny, discipline and termination.  The outrageous conduct of the defendant has had a profound effect on my health and well being.  I feel that the harm that the defendant has subjected me to runs into the millions.

I hold the defendant responsible for all of work absences related to the stress it has caused me.  I have incurred medical expenses to seek and obtain treatment for the stress and its physical effects on me.  I have had to secure counsel to represent me as a result of the defendant's conduct.

26

14.     Identify all non-economic damages you claim to have suffered as a result of the claims alleged in the Complaint, including the amount or value of the alleged damage, the manner in which you calculated such damage and the identity of each person who has knowledge of the nature or amount of the claimed damage.

**RESPONSE:**

As I have stated, as a result of the conduct of the defendant, in short, my life has been a living hell.  I have been under constant scrutiny by the defendant, have been accused of wrongdoing and absenteeism, all because I was the victim of sexual harassment at the defendant, and I have asked for the defendant to address this, and to make my workplace safe and free of fear, terror and further harassment.  Rather than helping me, the defendant has targeted me for scrutiny, discipline and termination.  The outrageous conduct of the defendant has had a profound effect on my health and well being.  I feel that the harm that the defendant has subjected me to runs into the millions.


15.     State the name and address of each physician, therapist or other source of treatment for the conditions or injuries you allege that you sustained as a result of the incidents alleged in your Complaint, the date(s) of treatment, and the condition(s) for which you were so treated.

**RESPONSE:**

To the best of my recollection:

Dr. Kathryn Leinhardt: Primary Care Physician, 2008 to present

Dr. Kathryn White: psychologist, all dates (*additional psychologists/psychiatrists seen once or twice that I can't recall which led to long term care under Dr. White, any and all dates)

Dr. Holl: Nutritionist, November 2014-March 2015

Dr. Proctor: Gastroenterology, July 24, 2014

Dr. Machado: neurology, 2008 to present

St. Raphael's/Dr. Burke: emergency care June 15, 2015

Dr. Jermyn: acute care, October 12, 2015

Dr. Aversa

Dr. Robbins

Dr. Fox

16.     Do you claim to have suffered any other damages, other than those identified in your responses to Interrogatories Nos. 14 and 15? If so, please identify each item of damage, the date the damage purportedly occurred, the amount or value of the alleged damage, the manner in which you calculated the claimed damage, and the identity of each person who has knowledge of the nature or amount of the claimed damage.

**RESPONSE:**

To the best of my ability, as I sit here today, these are the entire damages that I have suffered.  If I am terminated, my damages will also include all loss of employment and employment related benefits.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents in your possession, custody or control that you, or anyone acting on your behalf, consulted and/or referred to in connection with the preparation of the answers to the Interrogatories propounded simultaneously herewith, except for documents protected by a recognized privilege of non-production.

**RESPONSE:**

See Attached.


2.      Any and all documents in your possession, custody or control that concern, reflect or evidence each and every non-privileged communication you had with any person relating to the allegations of the Complaint.

**RESPONSE:**

See Attached.


3.      Any and all documents, including but not limited to diary entries, calendars and records, in your possession, custody or control that concern, relate to and/or support the allegations of and/or the events alleged in the Complaint.

**RESPONSE:**

See Attached.

4.      Any and all documents in your possession, custody or control that concern or relate to any formal or informal complaints and/or objections that you made to the University to complain about any of the events alleged in your Complaint.

**RESPONSE:**

See Attached.

5.      Any and all documents in your possession, custody or control that concern or relate to the University's investigation of the events that are alleged in your Complaint.

**RESPONSE:**

See Attached.

6.      Any and all documents in your possession, custody or control that concern or relate to the allegations in your Complaint that you have been and continue to be subjected to a hostile work environment.

**RESPONSE:**

See Attached.

7.     Any and all documents in your possession, custody or control that concern or relate to the allegations in your Complaint that you have been sexually harassed.

**RESPONSE:**

See Attached.

8.     Any and all documents in your possession, custody or control that concern or relate to the allegations in your Complaint that you have been subjected to discrimination.

**RESPONSE:**

See Attached.

9.     Any and all documents in your possession, custody or control that concern or relate to the allegations in your Complaint that you have been retaliated against for your complaints to the defendant.

**RESPONSE:**

See Attached.

10.     Any and all documents in your possession, custody or control that concern or relate to your allegation that Ms. Ieronimo told you that the she had personally seen Mr. Driscoll crouching behind a wall and bushes while watching you and/or Mr. Driscoll following you at a distance, and then look through the windows of the Handivan that you were seated in.

**RESPONSE:**

See Attached.

11.     Any and all documents in your possession, custody or control that concern or relate to your allegation that the Yale Police Department instructed you not to go either to your Union or to the New Haven Police Department.

**RESPONSE:**

See Attached.

12.     Any and all documents in your possession, custody or control that concern or relate to your allegation that you were told that Mr. Driscoll's computer would be

searched and/or when you inquired about the results of the computer search, you were informed that it had not and would not be done.

**RESPONSE:**

See Attached.

13.    Any and all documents in your possession, custody or control that have been identified in your response to No. 7(e) of the Interrogatories propounded simultaneously herewith.

**RESPONSE:**

See Attached.

14.    Any and all documents in your possession, custody or control that concern, relate to and/or that have been referenced in your responses to the Interrogatories propounded simultaneously herewith.

**RESPONSE:**

See Attached.

15.     Any and all other documents in your possession, custody or control that are referring or relating to the subject matter of this action which have been furnished to or reviewed by the plaintiff's attorney(s) in connection with this action, except for documents protected by a recognized privilege of non-production.

**RESPONSE:**

N/A

16.     Any and all documents in your possession, custody or control that concern or relate to any disciplinary action that has ever been taken against you while you were employed by the University.

**RESPONSE:**

See Attached.

17.     Any and all documents in your possession, custody or control that concern, relate or evidence your claimed damages, including but not limited to your alleged suffering of extreme anxiety; fear; terror; loss of safety and well-being; severe emotional distress; financial loss and harm; loss of employment opportunities, loss of personal and professional reputation; physical, mental and emotional harm and suffering.

**RESPONSE:**

See Attached.

18.    Any and all records and reports of all doctors and all other care providers that concern or relate to treatment allegedly received by you as a result of the events alleged in your Complaint, and to the emotional conditions from which you claim to suffer, or to which reference is made in your answers to the Interrogatories.

**RESPONSE:**

To be provided.  The plaintiff will execute a medical release, should defendant provide same.

19.    All documents that you intend to introduce as evidence at trial.

**RESPONSE:**

See attached.  The plaintiff reserves her right to supplement this response should further information become available, and reserves her rights pursuant to law and rules of the Court to disclose trial exhibits.

THE PLAINTIFF

BY:_____/S/_____
        WILLIAM S. PALMIERI
        Fed. Bar No. ct14361
        Law Offices of William S. Palmieri, LLC
        129 Church Street, Suite 405
        New Haven, CT 06510
        (203) 562-3100 tel.
        (203) 909-6006 fax
        wpalmieri@hotmail.com

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent by electronic mail to the

parties listed below, on October 30, 2015.

Pamela LeBlanc
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511

_____
WILLIAM S. PALMIERI