```
                       UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------x
                              :
AUBREY NOVAK                  :    Civ. No. 3:14CV00153(AWT)
                              :
v.                            :
                              :
YALE UNIVERSITY               :    November 20, 2015
                              :
------------------------------x
```

**RULING RE: PLAINTIFF'S ORAL MOTION FOR EXTENSION OF SCHEDULING ORDER DEADLINES [DOC. #59] AND AMENDED SCHEDULING ORDER**

On November 19, 2015, this Court held an in-person case management and discovery status conference on the record to address discovery issues raised in the parties' November 4, 2015, Joint Status Report. [Doc. #52]. Counsel for plaintiff Aubrey Novak ("plaintiff") and defendant Yale University ("defendant") participated in the conference. During the conference, plaintiff orally moved for an extension of the deadlines set forth in the scheduling order dated September 21, 2015. [Doc. ##46, 59]. After considering the arguments of counsel, and as articulated below, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's Oral Motion for Extension of Scheduling Order Deadlines. [**Doc. #59**].

**1. Oral Motion for Extension of Scheduling Order Deadlines**

Following an in-person status conference on September 21, 2015, on October 28, 2015, the undersigned entered an order requiring the parties to file a joint status report on or before

1

November 4, 2015, reporting whether the parties had met the requirements of the Court's September 21 scheduling order, and identifying any issues that required resolution or court intervention. [Doc. #51]. The parties complied, and filed their joint status report on November 4, 2015, which indicated the parties had met the October 30, 2015, deadline, but also identified a number of issues with both parties' discovery responses. [Doc. #52].

In light of these issues, the Court held an in-person case management and discovery status conference on November 19, 2015. [Doc. #55]. During this conference, the Court addressed the issues raised in the parties' November 4, 2015, joint status report. Both plaintiff and defendant took issue with the other's written discovery responses and production (or lack thereof). In response to defendant's nineteen (19) requests for production, plaintiff did not object and responded "see attached" to each. [Doc. #57-1]. The "attached" documents consisted of three emails, collectively attaching nearly five thousand documents, none of which were bates stamped or otherwise organized in a useable form. Some of these documents included emails in native format and/or emails that had been pasted into word documents. Plaintiff also responded to defendant's sixteen (16) interrogatories, with what constitute, upon the Court's review, in large part, insufficient responses. [Doc. #57-1].

2

Plaintiff also took issue with defendant's responses to its requests for production and interrogatories, the majority of which were met with lengthy objections and no substantive responses. Defendant in turn took issue with the form of the plaintiff's requests. Although defendant could have used better efforts to respond to plaintiff's written discovery requests, the Court largely agreed with defendant that the requests are overbroad as they are not limited in time or scope, and in that regard, are not necessarily calculated to lead to the discovery of admissible information.

In addressing the best next steps to address the substantial deficiencies in the written discovery, the Court received the suggestions of counsel as to how to most efficiently and expeditiously resolve the outstanding disputes. Plaintiff's counsel proposed an additional meet and confer with defense counsel to address narrowing plaintiff's written discovery requests. Plaintiff suggested a thirty (30) day period in which to submit amended written discovery requests, and sixty (60) days in which to submit amended discovery responses, including document production, to defendant. Defense counsel stated that defendant would like thirty (30) days to respond to plaintiff's amended requests, and further expressed concern of receiving another "document dump."

The Court construes plaintiff's proposal as an oral motion to extend the current scheduling order deadlines, as the service of amended requests and responses will inevitably affect the deadline by which to depose plaintiff, and the deadline for completion of discovery generally. [Doc. #59]. As the Court expressed at the conference, the Court hesitates to grant the requested extensions, as it is not confident that additional time will result in full compliance by the plaintiff. Furthermore, the Court has previously warned the parties that future extensions would not be granted. However, in order to avoid the disposition of this case other than on the merits, the Court will reluctantly **GRANT, in part**, plaintiff's oral motion for extension of the scheduling order deadlines [**Doc. #59**], as set forth below.

## 2. Amended Scheduling Order

In light of the Court's ruling above, the Court sets the following amended pretrial deadlines:

- **December 1, 2015,** for counsel to complete an in-person meet and confer regarding the parties' discovery requests and responses at issue in the November 4, 2015, joint status report;
- **December 21, 2015,** for plaintiff to propound any amended written discovery;

4

- **January 4, 2016,** for plaintiff to serve her amended responses (including documents organized in a usable manner, and numbered) to defendant's May 2015 written discovery requests;

- **January 4, 2016,** for defendant to re-issue the notice of plaintiff's deposition;

- **January 20, 2016,** for defendant to serve its amended responses (including documents and a privilege log, if applicable) to plaintiff's written discovery requests;

- **February 1, 2016,** for the completion of plaintiff's deposition; and

- **April 1, 2016,** for the filing of dispositive motions.

The Court notes that it appears that the parties have not previously exchanged the materials required by the Initial Discovery Protocol. [Doc. #7] These materials, which were required to be exchanged within 30 days of the filing of an Answer or responsive pleading, that is, on or before May 9, 2015, at the very latest in this case, include many of the items sought by the parties' disputed requests. See, e.g., Doc. #7, Item III(2)(a) ("All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant."); Item IV(2)(d) ("The plaintiff's personnel file[.]"). The parties shall comply fully with the

5

Initial Discovery Protocol ordered by the Court on or before **December 11, 2015.** The parties shall also ensure that they have complied fully with Rule 26(a) of the Federal Rules of Civil Procedure governing initial disclosures on or before **December 11, 2015.** The parties shall file separate reports with the Court on or before **December 14, 2015,** confirming that they have provided the disclosures required of them under the Protocol and the Rule, and that they have received the opposing party's disclosures under the same.

The parties are advised that agreements regarding particular deadlines will not constitute extensions of those deadlines, and that the Court will not be bound by any informal agreements of the parties. The Court expects counsel and the plaintiff to continue to pursue this matter in a timely fashion. **No further extensions of these deadlines shall be granted.**

As discussed on the record during the November 19, 2015, case management and discovery status conference, **plaintiff's failure to timely and substantively comply with the above deadlines WILL result in the dismissal of the Complaint.**

In light of the continuing discovery issues in this case, going forward the Court will schedule bi-weekly telephone conferences to address the status of discovery compliance. The first of these conferences will take place on **Thursday, December**

**3, 2015, at 10:00 a.m.** A separate calendar with dial-in instructions will issue forthwith.

The parties are encouraged to contact chambers to schedule a settlement conference, should it become productive to do so.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 20th day of November 2015.

                                          /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES MAGISTRATE JUDGE