```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
AUBREY NOVAK                  :    Civ. No. 3:14CV00153(AWT)
                              :
v.                            :
                              :
YALE UNIVERSITY               :    November 20, 2015
                              :
------------------------------x
```

### RULING ON DEFENDANT'S MOTION FOR SANCTIONS [DOC. #42]

Pending before the Court is a motion by defendant Yale University ("defendant") for sanctions against plaintiff Aubrey Novak ("plaintiff"). Plaintiff has not filed a response in opposition. For the reasons articulated below, the Court **GRANTS, in part, and DENIES, in part**, defendant's motion for sanctions. [**Doc. #42**].

### 1.   Background

Plaintiff filed this action against defendant on February 5, 2014, alleging claims for hostile work environment and sexual harassment, retaliation, and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. [Doc. ##1, 48]. The parties filed their Rule 26(f) report on July 21, 2014. [Doc. #16]. Judge Alvin W. Thompson approved the report on August 4, 2014, and set a discovery deadline of May 1, 2015, with dispositive motions due by June 1, 2015. [Doc. #17].

1

On March 30, 2015, defendant filed a consent motion for a two month extension of the discovery and other deadlines, [Doc. #24], which Judge Thompson granted on April 2, 2015 [Doc. #28]. On June 26, 2015, defendant filed a second motion for a two month extension of the case deadlines, stating that it was unable to proceed with plaintiff's deposition because she had failed to respond to defendant's May 20, 2015, discovery requests. [Doc. #30]. Judge Thompson granted this motion and set discovery to close on September 1, 2015, with dispositive motions due by October 2, 2015. [Doc. #31].

On August 14, 2015, plaintiff filed a Consent Motion to Extend Deadlines in light of "a combination of circumstances, including the poor health of the plaintiff and scheduling difficulties of all involved[.]" [Doc. #33 at 1]. On August 17, 2015, Judge Thompson held a telephonic status conference [Doc. #34], and on that same date entered an order granting plaintiff's motion in part. [Doc. #35]. Specifically, Judge Thompson ordered: "By September 17, 2015, the plaintiff shall (1) respond to the defendant's discovery requests and (2) propound any discovery requests she may have. The plaintiff shall be deposed by October 19, 2015. Discovery shall be completed by October 31, 2015. Dispositive motions shall be filed by November 30, 2015." Id. (hereinafter "Judge Thompson's Order").

On September 9, 2015, Judge Thompson referred this matter to the undersigned for a status conference [Doc. #36], which was held on September 21, 2015 [Doc. ##44, 46, 47]. In the interim, on September 18, 2015, defendant filed a motion for sanctions on the grounds that it had not received any responses to its May 20, 2015, discovery requests despite Judge Thompson's Order that plaintiff respond by September 17, 2015. [Doc. #42 at 1]. At this time, defendant also filed a supporting affidavit detailing counsel's efforts to confer with opposing counsel. [Doc. #45]. Defendant requests that the Court dismiss this action in its entirety and award it reasonable costs and expenses caused by plaintiff's failure to comply with "essential discovery" and Judge Thompson's Order. [Doc. #42 at 3].

At the September 21, 2015, in-person status conference, the Court addressed outstanding discovery issues, including defendant's motion for sanctions. During the conference, plaintiff and her counsel conceded that plaintiff had failed to comply with Judge Thompson's Order. In light of this representation, the Court ordered that plaintiff serve her responses and any objections to defendant's written discovery requests, including responsive documents and a privilege log, if applicable, by October 30, 2015. [Doc. #46 at 2-3].

On October 28, 2015, the undersigned entered an order requiring the parties to file a joint status report on or before

November 4, 2015, reporting whether the parties had met the requirements of the Court's September 21 scheduling order, and identifying any issues that required resolution or court intervention. [Doc. #51]. The parties complied, and filed their joint status report on November 4, 2015, which indicated the parties had met the October 30, 2015, deadline, but also identified a number of issues with both parties' discovery responses. [Doc. #52].

In light of these issues, the Court held an in-person case management and discovery status conference on November 19, 2015. [Doc. #55]. Counsel for plaintiff and defendant participated in this conference. During this conference, the Court addressed the issues raised in the parties' November 4, 2015, joint status report. Both plaintiff and defendant took issue with the other's written discovery responses and production (or lack thereof). In response to defendants' nineteen (19) requests for production, plaintiff did not object and responded "see attached" to each. [Doc. #57-1]. The "attached" documents consisted of three emails, collectively attaching nearly five thousand documents, none of which were bates stamped or otherwise organized in a useable form. Some of these documents included emails in native format and/or emails that had been pasted into word documents. Plaintiff also responded to defendant's sixteen (16) interrogatories, which, upon the Court's review, in large part, set forth insufficient answers.

4

[Doc. #57-1]. Plaintiff's counsel represented that he had been "diligently working" on responding to defendant's discovery since September 18, 2015 (one day <u>after</u> the deadline set by Judge Thompson's Order), but further stated that he was limited by the cooperation of his client and the nature of his relationship with her.

With respect to the present motion for sanctions, the Court further ordered that if defendant intended to pursue the motion, that counsel file an affidavit of fees and costs in support of the motion by November 6, 2015. [Doc. #51]. Defendant timely filed an Affidavit in Support of its Motion for Sanctions on November 6, 2015. [Doc. #54].

Before turning to the merits of the motion for sanctions, the Court notes that plaintiff's response to this motion was due on or before October 9, 2015. To date, no such response has been filed.

## 2. Legal Standard

Federal Rule of Civil Procedure 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery." <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 179 F.R.D. 77, 80 (D. Conn. 1998) (citing <u>Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.</u>, 930 F.2d 1021, 1027 (2d Cir. 1991)) (footnote omitted); <u>see also</u> Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). "Provided that there is a clearly articulated order of the court

requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Tucker v. American Inter. Group, Inc., 936 F. Supp. 2d 1, 26 (D. Conn. 2013) (citing Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991)). "[M]agistrate judges have the power to impose sanctions for violations of discovery orders." Kiobel v. Millson, 592 F.3d 78, 88 (2d Cir. 2010) (Cabranes, J., concurring). "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate [judge], reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

Sanctions under Rule 37 are designed to effectuate three goals: "First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed is in some sense at fault." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

3.  **Discussion**

Here, plaintiff has failed to comply with Judge Thompson's Order that she respond to defendant's discovery requests and

6

propound her own requests by September 17, 2015. [Doc. #35]. This was admitted by plaintiff and her counsel on the record during the Court's September 21, 2015, status conference [Doc. #46], and again by plaintiff's counsel during the November 19, 2015, case management and discovery status conference. [Doc. #55]. Although plaintiff timely submitted her responses in accordance with undersigned's September 21, 2015, order, plaintiff's substantive responses, which were submitted at the eleventh hour on October 30, 2015, largely do not comply with the spirit or the letter of the Federal Rules of Civil Procedure. Plaintiff's production was a classic example of a "document dump," which largely left defendant with a mass of unmanageable and unusable documents. Although plaintiff's counsel represented there were "technical difficulties" with respect to the document production, this could have been dealt with prior to the production deadline via consultation with an electronic discovery or information technology consultant. Frankly, it is not apparent to the Court that plaintiff pursued her discovery obligations with diligence as she contends; defendant is still without meaningful discovery <u>six months</u> after it served its requests, and the Court's hand has been forced to grant another extension of the current scheduling order. [Doc. #60]. The Court bears this in mind as it turns to the relief sought in the motion for sanctions.

Defendant requests that the Court impose two sanctions, in addition to any other the Court deems just and proper: (1) reasonable expenses caused by plaintiff's failure to comply with Judge Thompson's Order and "essential discovery"; and (2) dismissal of this action. The Court turns first to whether dismissal is an appropriate sanction.

"Discovery orders are meant to be followed ... and a party who flouts such orders does so at his peril[.]" Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 177 (D. Conn. 2010) (citations omitted). In that regard, Rule 37 permits a court, in its discretion, to dismiss an action in whole or in part when a party fails to obey an order to provide discovery. See Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is proper if there is a showing of "willfulness, bad faith, or any fault" on the part of the disobedient party. Agiwal, 555 F.3d at 302 (citation omitted). The Second Circuit has identified a number of factors that bear on the Court's exercise of discretion to dismiss an action under Rule 37, including: "(1) the willfulness of the noncompliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party has been warned of the consequences of ... noncompliance." Aliki, 726 F. Supp. 2d at 178 (quoting Agiwal, 555 F.3d at 302). Although a showing of prejudice to the opposing party is not required for dismissal under Rule 37,

8

this is a factor that should be considered when weighing the sanctions to be imposed upon a non-compliant party. See Aliki, 726 F. Supp. 2d at 178 (collecting cases).

Under the present circumstances, the Court does not find that dismissal of plaintiff's complaint is appropriate under the factors identified by the Second Circuit, and noted by Judge Kravitz in Aliki. Although plaintiff's total failure to respond to defendant's discovery requests lasted about four months, her failure to comply with Judge Thompson's Order lasted little over one month's time. Further, on the current record, it is not apparent that plaintiff was previously warned that failure to comply with Judge Thompson's Order would result in dismissal of her complaint (although plaintiff was warned at the September 21, 2015, status conference that her complaint was at risk of dismissal in light of her intransigence). However, in light of the reasons proffered for the non-compliance during the September 21, 2015, status conference,[1] and considering that defendant's

---

[1] Plaintiff and counsel explained the reasons for her non-compliance during an ex parte session with the Court, during which time the Court addressed whether plaintiff sought to continue the litigation with her present counsel. Without divulging the specifics of these communications, it suffices to say that plaintiff's non-compliance resulted from a combination of a lack of communication with counsel, the extensive nature of information sought, and some procrastination. The Court further notes that in plaintiff's August 2015 Consent Motion to Extent Deadlines, plaintiff proffered that she was unable to meet the then discovery deadlines due to her "poor health ... and scheduling difficulties of all involved[.]" [Doc. #33 at 1].

9

discovery responses went completely unanswered for nearly four months, which in turn prevented defendant from deposing plaintiff, the Court finds that sanctions are appropriate.[2] Indeed, although a finding of prejudice is not required for the imposition of Rule 37 sanctions, Aliki, supra, at 178, the Court finds that defendant has been prejudiced by plaintiff's non-compliance in that plaintiff effectively stonewalled the progress of this litigation as defendant languished without meaningful discovery. Accordingly, an award of sanctions is appropriate under the current circumstances. See Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (The Court "may consider the full record in the case in order to select the appropriate sanction." (collecting cases)).

The law of this Circuit requires that the Court consider the efficacy of lesser sanctions to effectuate the goals of Rule 37. See Morales, 2009 WL 3682449, at *6. Although defendant requests that the Court dismiss the complaint, the Court finds that the imposition of lesser sanctions, specifically the award of "attorney's fees caused by the failure," Fed. R. Civ. P. 37(b)(2)(C), will serve to effectuate the goals of Rule 37. See Martinelli, 179 F.R.D. at 80 ("[A] finding of willfulness or contumacious conduct is not necessary to support sanctions which

---

[2] Further informing the Court's decision to impose sanctions is that plaintiff failed to respond to the motion for sanctions, or otherwise object to the attorney's fees claimed.

are less severe than dismissal[.]" (citation omitted)). This is the "mildest sanction" for failing to obey an order to provide discovery, and appropriate to the circumstances of this case. See Martinelli, 179 F.R.D. at 80 (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)). The plaintiff has failed to offer any meaningful justification for her failure to comply with Judge Thompson's Order, nor has she proffered any reason why an award of expenses here would be unjust. See Fed. R. Civ. P. 37(b)(2)(C) ("[T]he Court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

Defendant requests reimbursement of its reasonable expenses, including attorney's fees, caused by the plaintiff's failure to comply with its discovery requests and Judge Thompson's Order. [Doc. #42 at 3]. In support of this request, on November 6, 2015, defense counsel filed an affidavit in support of the motion for sanctions, which details the time spent by counsel as a result of plaintiff's non-compliance. [Doc. #54].

The Second Circuit has held that when determining the amount of compensatory sanctions to be awarded,

> due process requires, at a minimum, that: (1) the
> party seeking to be compensated provide competent

>   evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses.

Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000) (collecting cases). In this case, both requirements have been satisfied. Defense counsel has submitted a sworn affidavit, with documentation supporting its request for attorney's fees. [Doc. #54]. Plaintiff was provided an opportunity to object to the fees sought and has declined to do so. Accordingly, the Court turns to the amount of fees to be awarded as an appropriate sanction.

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge[.]" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 558 (2010) (citation omitted). "The 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." Wells v. Yale University, No. 3:10CV2000(HBF), 2013 WL 6230263, at *1 (D. Conn. Dec. 2, 2013) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)).

Here, defendant seeks reimbursement of $2,620 in attorney's fees as a result of plaintiff's failure to comply with its discovery requests and Judge Thompson's Order. Defendant reduced or "pro-rated" the total fees sought "to reflect a discount for combined entries that included services not within the scope of

12

this motion." [Doc. #54 at ¶5]. Because defendant did not provide a formula for discounting its fee, the Court has considered each time entry to determine a reasonable award. In that regard, many of the fees requested predate the violation of Judge Thompson's Order, and therefore the Court will not award the same as a sanction in this matter. The Court will, however, award defendant its fees for the preparation of the motion for sanctions and supporting affidavit, reflected at docket entries 42 and 45, respectively.

Defendant seeks an hourly rate of $300 for Attorney Shea, and $200 for Attorney LeBlanc. [Doc. #54 at ¶¶ 3, 4]. Plaintiff has not objected to the hourly rates sought, and the Court finds that these rates are reasonable. See Wells, 2013 WL 623026, at *1 (finding $300 hourly rate for Attorney Shea reasonable, absent objection).

In connection with the motion for sanctions and supporting affidavit, Attorney LeBlanc billed a total of 9 hours for tasks including the drafting of the motion and supporting affidavit, legal research, and review of the docket.[3] [Doc. #54-1 at 2-3]. Attorney Shea billed 1 hour for purposes of "[a]ttend[ing] to motion for sanctions." Id. at 3. The Court does not find this time

---

[3] Specifically, Attorney LeBlanc seeks: 5.4 hours for "Draft motion for sanctions / Legal research re same / Review case deadlines and applicable orders[;]" and 3.6 hours for "Draft affidavit for motion for sanctions / Review applicable federal and local rules[.]" [Doc. #54-1 at 2-3].

13

reasonable in light of the length of the motion for sanctions (4 pages with service certification) and affidavit (two pages), and the simplicity of the issue presented. Accordingly, the Court will award a total of 3.5 hours ($700) for attorney LeBlanc's efforts relating to the motion for sanctions, and 1 hour ($300) for Attorney Shea's time, for a total of 4.5 hours of attorney time and a total fee of $1,000.

**4. Conclusion**

Accordingly, for the reasons stated, defendant's motion for sanctions [**Doc. #42**] is **GRANTED, in part, and DENIED, in part**. The Court awards defendant sanctions in the amount of $1,000. Such payment shall be made directly to defendant's law firm within forty-five (45) days of this ruling.

This is not a Recommended Ruling. This is a ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 20th day of November 2015.

                                                             /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES MAGISTRATE JUDGE